# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DEMOCRUS PERNELL BURSTON, <br><br> Defendant. | Case No. CR12-0042 <br><br> ORDER FOR PRETRIAL DETENTION |

On the 5th day of May, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Anthony Morfitt. The Defendant appeared personally and was represented by his attorney, Raphael M. Scheetz.

## I. RELEVANT FACTS AND PROCEEDINGS

On June 5, 2012, Defendant Democrus Pernell Burston was charged by Indictment (docket number 2) with being a prohibited person in possession of firearms. At the arraignment on April 30, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on June 30, 2014.

Special Agent Thomas Reinwart of the Federal Bureau of Investigation testified regarding the circumstances underlying the instant charge. On March 19, 2012, state law enforcement officers executed a search warrant at Defendant's apartment on North Towne Court in Cedar Rapids, Iowa. Officers found four rifles and a box of ammunition. Defendant told officers that Keaton Hepker brought the guns to his apartment because Hepker thought his residence may be searched by authorities. When questioned by police, Hepker told officers he took the guns to Defendant's apartment because he didn't trust

some of the persons coming to his residence. Jamia Peoples, who had previously lived in the apartment with Defendant, told authorities she found out about the guns and asked Defendant to get rid of them. When Defendant refused, Peoples decided to move out.

According to the pretrial services report, Defendant is 39 years old. He was born in Atlanta, Georgia, and lived there most of his life. In 2011, Defendant and Peoples relocated to Cedar Rapids, Iowa, because they had "lost" their apartment in Atlanta and Peoples received financial assistance from her family to move to Cedar Rapids. Defendant and Peoples have a 4-year-old daughter, who lives with Peoples in Cedar Rapids. Defendant also has two children, ages 14 and 13, from a prior marriage. The children live with their mother in Memphis, Tennessee.

According to Defendant, his relationship with Peoples ended as a result of the events giving rise to this charge. At that time, Defendant returned to Atlanta. For the past two years, he has been employed as a barber. The owner of the business identified Defendant as his "shop manager" and verified that Defendant lived in a room in back of the barber shop. If released, however, Defendant intended to reside with his uncle in Atlanta.

Defendant is in good health and has no history of mental or emotional health concerns. According to Defendant, he began smoking marijuana when he was 31 years old and smoked "once or twice" per week for several years. Defendant told the pretrial services officer that he had not used marijuana in the past five or six years. That statement is inconsistent, however, with the testimony at the hearing. Special Agent Reinwart testified that when the search warrant was executed on March 19, 2012, Defendant told officers that he had used marijuana on the prior evening.

Defendant's prior criminal record consists primarily of misdemeanors. Significantly, however, Defendant has failed to appear on at least two occasions — once in Fulton County, Georgia, in 1998, and again in Douglas County, Georgia. In the latter

some of the persons coming to his residence. Jamia Peoples, who had previously lived in the apartment with Defendant, told authorities she found out about the guns and asked Defendant to get rid of them. When Defendant refused, Peoples decided to move out.

According to the pretrial services report, Defendant is 39 years old. He was born in Atlanta, Georgia, and lived there most of his life. In 2011, Defendant and Peoples relocated to Cedar Rapids, Iowa, because they had "lost" their apartment in Atlanta and Peoples received financial assistance from her family to move to Cedar Rapids. Defendant and Peoples have a 4-year-old daughter, who lives with Peoples in Cedar Rapids. Defendant also has two children, ages 14 and 13, from a prior marriage. The children live with their mother in Memphis, Tennessee.

According to Defendant, his relationship with Peoples ended as a result of the events giving rise to this charge. At that time, Defendant returned to Atlanta. For the past two years, he has been employed as a barber. The owner of the business identified Defendant as his "shop manager" and verified that Defendant lived in a room in back of the barber shop. If released, however, Defendant intended to reside with his uncle in Atlanta.

Defendant is in good health and has no history of mental or emotional health concerns. According to Defendant, he began smoking marijuana when he was 31 years old and smoked "once or twice" per week for several years. Defendant told the pretrial services officer that he had not used marijuana in the past five or six years. That statement is inconsistent, however, with the testimony at the hearing. Special Agent Reinwart testified that when the search warrant was executed on March 19, 2012, Defendant told officers that he had used marijuana on the prior evening.

Defendant's prior criminal record consists primarily of misdemeanors. Significantly, however, Defendant has failed to appear on at least two occasions — once in Fulton County, Georgia, in 1998, and again in Douglas County, Georgia. In the latter

case, Defendant was charged on January 7, 2004 with possession of less than one ounce of marijuana and theft by receiving stolen property. More than four years later, Defendant was stopped for driving while suspended and subsequently charged with failing to appear on the earlier charges. In September 2008, Defendant was sentenced to 97 days in jail on the 2004 charges and placed on probation for 5 years. Defendant was subsequently found in violation of his probation on three separate occasions. A warrant was issued for Defendant's arrest on June 27, 2011 (at about the time Defendant moved to Iowa) and remained pending until a few weeks ago.

In 2010, while on probation, Defendant was charged and convicted of carrying a concealed weapon. He was arrested under the name of Akari Adams.

The indictment in the instant action was returned by the grand jury on June 5, 2012, approximately 10 weeks after the search warrant was executed. There is no evidence, however, that Defendant was told that charges would be brought against him, or that he was aware of the fact that an indictment had been returned. Apparently, however, when he returned to Georgia approximately two years ago, Defendant failed to notify his probation officer, despite the fact that he presumably knew he remained on probation. It is the Court's understanding that Defendant was arrested on the Georgia warrant on March 30, 2014, and was then transferred to the United States Marshals Service custody on the instant warrant on April 18. There is a probation revocation hearing scheduled in Georgia on May 19, 2014.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

3

## A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with being a prohibited person in possession of firearms. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

Defendant is charged with being a felon in possession of four rifles and ammunition. In addition, it is alleged that Defendant was an unlawful user of marijuana at the time of these events. The evidence against Defendant is strong. The contraband was found in Defendant's apartment, and Defendant admitted that he was holding the contraband for a third person. Defendant also admitted using marijuana the prior evening. It is apparently undisputed that Defendant is a convicted felon.

Defendant concedes he does not have strong ties to the Cedar Rapids area, but notes that he has steady employment and a place to live in Atlanta, Georgia. In determining whether there are conditions which will reasonably assure the safety of the community and the Defendant's appearance for further proceedings, however, the Court is concerned

about Defendant's performance while under supervision in Georgia. Defendant has been sanctioned for a violation of his probation on three occasions and was on probation at the time of these events. In fact, a warrant for Defendant's arrest was pending in Georgia when these events occurred on March 19, 2012. Defendant has failed to appear for court proceedings on at least two occasions, and when he returned to Georgia in 2012, he apparently failed to contact his probation officer. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (April 30, 2014) to the filing of this Ruling (May 6, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 6th day of May, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA