**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 12-CR-42-LRR |
| vs. | **ORDER** |
| DEMOCRUS PERNELL BURSTON, | |
| Defendant. | |

_____

## *I. INTRODUCTION*

The matters before the court are Defendant Democrus Pernell Burston's Objections ("Defendant's Objections") (docket no. 30) and the government's Objections ("Government's Objections") (docket no. 29) (collectively, "Objections") to United States Chief Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 28) and Defendant's "Motion to Suppress" ("Motion") (docket no. 20).

## *II. RELEVANT PROCEDURAL BACKGROUND*

On June 5, 2012, a grand jury returned an Indictment (docket no. 2) charging Defendant with knowingly possessing firearms and ammunition as a felon and as an unlawful user of marijuana in violation of 18 U.S.C. §§ 922(g)(1) and 922(g)(3). On June 2, 2014, Defendant filed the Motion. On June 9, 2014, the government filed a Resistance (docket no. 22). On June 13, 2014, Judge Scoles held a hearing on the Motion. *See* June 13, 2014 Minute Entry (docket no. 23). Defendant appeared in court with his attorney, Raphael Scheetz. Assistant United States Attorney Anthony Morfitt represented the government. On June 23, 2014, the government filed a supplemental brief ("Government's Supplemental Brief") (docket no. 25). On June 23, 2014, Defendant filed a supplemental brief ("Defendant's Supplemental Brief") (docket no. 26), and on June 24, 2014, Defendant filed a second supplemental brief ("Defendant's Second Supplemental

Brief") (docket no. 27). On July 10, 2014, Judge Scoles issued his Report and Recommendation, which recommends that the court deny the Motion. On July 23, 2014, the government filed the Government's Objections. On July 24, 2014, Defendant filed Defendant's Objections. The Report and Recommendation and the Objections are fully submitted and ready for decision.

### III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake[] a de novo review of the disputed portions of a magistrate judge's report and recommendations"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the disputed portions of the Report and Recommendation de novo.

## IV. RELEVANT FACTUAL BACKGROUND[1]

The evidence pertinent to the Motion arises from a drug dog sniff that occurred outside of an apartment building in Cedar Rapids, Iowa. On March 13, 2012, Officer John O'Brien of the Cedar Rapids Police Department received a tip that a potential drug user resided at apartment number 4 at 2050 Northtowne Court N.E. in Cedar Rapids, Iowa. Acting on this information, Officer Al Fear of the K-9 division brought his dog, Marco, to the apartment building, where Marco alerted outside apartment 4. On the basis of Marco's alert and Defendant's criminal record, Officer Fear applied for a search warrant and a state judicial magistrate issued a search warrant. On March 19, 2012, officers of the Cedar Rapids Police Department executed the search warrant and found four rifles, ammunition and marijuana residue.

Officers took Defendant into custody and read him *Miranda* warnings. Defendant indicated he was willing to talk but declined to sign a form indicating his consent to talk. The officers interviewed Defendant, and Defendant made incriminating statements.

## V. ANALYSIS

The government objects "only to the [m]agistrate [j]udge's recommendation with respect to the legal finding that the dog sniff was 'an unlawful warrantless search.'" Government's Objections at 1. Defendant objects to Judge Scoles's "finding that the *Leon*[2] good faith exception applies to the instant case." Defendant's Objections at 3 (footnote added).

---

[1] After reviewing the hearing transcript, the court finds that Judge Scoles accurately and thoroughly set forth the relevant facts in the Report and Recommendation. *See* Report and Recommendation at 2-5. Accordingly, the court only briefly summarizes the facts. When relevant, the court relies on and discusses additional facts in conjunction with its analysis of the law.

[2] *United States v. Leon*, 468 U.S. 897 (1984).

### A. *Lawfulness of Dog Sniff*

Judge Scoles found that "[b]ecause the area where Marco sniffed is curtilage and because there was no license, explicit or implicit, for Marco to occupy the area where he sniffed, the dog sniff constitutes an unlawful warrantless search under the Fourth Amendment." Report and Recommendation at 10. Because the court finds that Officer Fear was objectively reasonable in relying on binding circuit precedent when conducting the dog sniff, the court "need not determine whether *Jardines*[3] controls the facts of this case." *United States v. Givens*, No. 13-2713, ___ F.3d ___, ___, 2014 WL 3973085, at *5 (8th Cir. Aug. 15, 2014) (footnote added). Accordingly, the court shall overrule as moot the Government's Objections.

### B. *Good Faith Exception*

Ordinarily, evidence obtained in violation of the Fourth Amendment results in suppression of the illegally obtained evidence. *United States v. Barraza-Maldonado*, 732 F.3d 865, 867 (8th Cir. 2013). When the exclusionary rule applies in the warrant context, "[t]he sufficiency of a warrant affidavit which contains information from an unlawful search is evaluated after deleting [the unlawfully obtained] information." *United States v. Hernandez Leon*, 379 F.3d 1024, 1027 (8th Cir. 2004). However, pursuant to *Davis v. United States*, ___ U.S. ___, 131 S. Ct. 2419 (2011), "[e]vidence obtained during a search conducted in reasonable reliance on binding [circuit] precedent is not subject to the exclusionary rule." *Id.* at 2429. This exception is a "distinct exception to the exclusionary rule." *United States v. Davis*, No. 13-2285, ___ F.3d ___, ___, 2014 WL 3719097, at *3 (8th Cir. July 29, 2014). "When an otherwise valid search warrant is based upon evidence obtained in a prior warrantless search that violated the Fourth

---

[3] *Florida v. Jardines*, ___ U.S. ___, 133 S. Ct. 1409, 1417-18 (2013) (holding that "[t]he government's use of trained police dogs to investigate the home and its immediate surroundings is a 'search' within the meaning of the Fourth Amendment.").

4

Amendment, it is the exclusionary rule that prohibits use of this derivative evidence to establish the probable cause needed to obtain a valid warrant." *Id.* at *3. Therefore, if the dog sniff is not subject to the exclusionary rule pursuant to the Supreme Court's decision in *Davis*, "then it was properly used to obtain a valid warrant, and there was no basis to suppress evidence seized during the subsequent warrant search." *Id.* Accordingly, the court only needs to address whether the Supreme Court's *Davis* opinion applies, that is, whether Officer Fear's conduct amounted to an illegal search according to binding circuit precedent at the time of the search. *See id.* (stating that the court "need not resolve [the application of the *Leon* good faith exception] . . . because [the] case is governed by the distinct exception to the exclusionary rule in [the Supreme Court's decision in] *Davis*").

At the time of the dog sniff, *United States v. Scott*, 610 F.3d 1009 (8th Cir. 2010) was binding appellate precedent. In *Scott*, the Eighth Circuit Court of Appeals held that a dog sniff does not constitute a search when "the dog sniff[] occur[s] in a place where law enforcement was lawfully present." *Id.* at 1016. This is so, the Eighth Circuit reasoned, because defendants have "no legitimate privacy interest in . . . illegal drugs that [a drug-sniffing dog] detect[s]" because "narcotics dog sniffs are not 'capable of detecting lawful activity.'" *Id.* (quoting *Illinois v. Caballes*, 543 U.S. 405, 409 (2005)). In *United States v. Brooks*, 645 F.3d 971 (8th Cir. 2011), the Eighth Circuit held that officers could lawfully enter a staircase leading to the basement of a multi-family dwelling. *Id.* at 975-76. In so holding, the Eighth Circuit reiterated that "[i]t is well-settled that there exists no 'generalized expectation of privacy in the common areas of an apartment building.'" *Id.* at 976 (quoting *United States v. McCaster*, 193 F.3d 930, 933 (8th Cir. 1999)).

Here, the dog sniff occurred "alongside the front wall of the [apartment] building . . . approximately 6-10 inches from the window . . . [while] Officer Fear remained approximately six feet from the building." Report and Recommendation at 3-4. Because

5

the dog is not capable of detecting lawful activity, the relevant question is whether Officer Fear's presence constituted an illegal search in March 2012. The court has no trouble concluding that, pursuant to *Scott* and *Brooks*, Officer Fear's conduct did not amount to a search in March 2012 because he was lawfully present when he was six feet away from the window of apartment 4.

Defendant argues that the court should nonetheless suppress the evidence obtained by Marco's sniff outside of apartment 4 because "[e]vidence that is obtained illegally, and made part of an application for search warrant, must be excised from the warrant application." Defendant's Objections at 4. However, as discussed above, "[e]vidence obtained during a search conducted in reasonable reliance on binding [circuit] precedent is not subject to the exclusionary rule," *Davis*, 131 S. Ct. at 2429, regardless of whether subsequent caselaw renders the search illegal. Accordingly, the court shall overrule Defendant's Objections.

## *VI. CONCLUSION*

In light of the foregoing, the court hereby **ORDERS**:

(1) The Report and Recommendation (docket no. 28) is **ADOPTED IN PART**;

(2) Defendant's Objections (docket no. 30) are **OVERRULED**;

(3) The Government's Objections (docket no. 29) are **OVERRULED AS MOOT**; and

(4) The Motion (docket no. 20) is **DENIED**.

**DATED** this 2nd day of September, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA